THE COUNTY OF WILL, Plaintiff-Appellee, v. THE WILL COUNTY BOARD OF REVIEW et al., Defendants-Appellees (Commonwealth Edison Company, Intervenor-Appellant; Reed-Custer Community Unit School District No. 255-U, Intervenor-Appellee).

Third District   No. 3—86—0259

Opinion filed December 5, 1986.

Neil T. Goltermann, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet (Kenneth E. Timm and Douglas F. Spesia, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Gilbert L. Niznik, of Plainfield (Diane M. Curry, Assistant Attorney General, of Chicago, of counsel), for appellee Will County Board of Review.

Edward Petka, State's Attorney, of Joliet (Scott Nemanich, Gregory E. Fix, and John A. Urban, Assistant State's Attorneys, of counsel), for appellee County of Will.

Susan Schneider Russo and Stuart Whitt, both of Matthews, Dean, Simantz, Hem & Whitt, of Aurora, for appellee Reed-Custer Community Unit School District No. 255—U.

JUSTICE HEIPLE delivered the opinion of the court:
Between December of 1985 and March 7, 1986, the Will County board of review rendered its decision in a number of cases regarding tax assessment complaints. These decisions were entered in a computer system. On March 7, 1986, the board of review "signed off" or

signed and attached affidavits of completion to the assessment books, and returned the books to the county clerk. It was later discovered that, due to clerical error, the board of review had failed to enter its decisions in the assessment books before it returned the books to the county clerk.

A petition for *mandamus* was filed by the Will County State's Attorney asking that the county clerk be ordered to allow the board of review to enter its decisions on all cases it heard involving the 1985 tax year, prior to signing off on March 7, 1986, in the assessment books. The trial judge entered an order granting the petition on March 31, 1986. Commonwealth Edison (ComEd), one taxpayer affected by a 1985 tax assessment decision, was allowed to intervene and present its motion to vacate and dismiss the order of March 31, 1986. In essence, ComEd sought to keep the 1985 decisions off the books so as to be taxed at 1984 values of its property. The court denied the motion, and this appeal follows. We affirm.

Pursuant to Illinois statute, county boards of review are to hear tax assessment complaints, and then post their decisions in the assessment books. (Ill. Rev. Stat. 1985, ch. 120, pars. 590, 591.) After completing its work, the board of review attaches to each book an affidavit signed by at least two members of the board certifying that the assessments are correct, and delivers the books to the county clerk. (Ill. Rev. Stat. 1985, ch. 120, pars. 591, 592.) Traditionally, taxes are extended based on the assessments listed in the assessment books, so it is important that the assessments are correct and final. Also, statute requires that the books be kept available for public inspection once they are returned to the county clerk. Ill. Rev. Stat. 1985, ch. 120, par. 592.

The Will County board of review follows the statutory procedure, but has a more modern process for extending taxes. There, the decisions of the board of review are entered in a computer system, and taxes are extended from the computer entry, not the entry listed in the assessment book. The act of entering assessment changes in the assessment books is performed as a mere perfunctory task for purposes of public inspection. In the present case, the board of review followed its regular procedure, except for posting the decisions in the assessment books. ComEd must have viewed the failure of the board of review to complete this scrivener's task as a golden opportunity to escape the 1985 tax assessment of its property.

ComEd argues on appeal that the power conferred on the board of review by statute ended when it returned the assessment books. Therefore, the order based on the petition for *mandamus* should have

been vacated because the board of review no longer had authority to enter its decisions in the assessment books. We disagree. *Mandamus* was proper because the statute clearly provides that the board of review shall make the assessment books reflect its decisions before signing off (Ill. Rev. Stat. 1985, ch. 120, par. 591), and it mistakenly failed to do so. No substantive rights of any taxpayer were vitiated by allowing the board of review to complete this unremarkable task. Before the books were returned, written notice was sent to the taxpayers affected by assessment changes, and those taxpayers, including ComEd, were given an opportunity to be heard. After the hearing, the board of review rendered its decision and sent notice of the decision to the respective taxpayer. All decisions were then entered into a computer system which began extending the taxes, and the books were returned. No taxes were extended based on the figure listed in the assessment books. Causing the books to reflect the decisions was a mere scrivener's task, done in Will County for the sole purpose of public inspection. The trial judge properly ordered the county clerk to allow the board of review to complete this duty. Accordingly, the order of the trial court is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.